444 A.2d 147

Paul MASH, Executor of the Estate of Julia
Kameliski, Deceased, Petitioner,

v.

OLD HOME MANOR, INC., a corporation and Leasure Coal
Company, a corporation, Defendants.

Kathryn M. FREAR; Robert A. Malakos and Mary Jane
Malakos; Edna Dias; and James W. Fry and Adeline
A. Fry, Petitioners,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

Sam ERITANO, Sr. and Ruth Eritano; Antonette Folino;
Catherine Kuzminsky, widow and Harry Kuzminsky; and
Loretta Eritano, Petitioners,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

Stanley ROCK and Rose Rock; Marlin B. Stephens; Robert A.
Cameron and Jean Cameron; John Wilko and Mary J. Wilko;
Charles Kameliski and Mary Kameliski, Petitioners,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

Stanley J. MROCZKA and Marisa Mroczka; John Kuzminsky
and Ethel Kuzminsky; Alvina Girolami; Samuel Girolami and
Mary Jane Girolami; Emerson A. Bufagna and Dora M. Bufag-
na; Nick DeRubis and Fannie DeRubis; and Barry R. Smith
and Dora M. Smith, Petitioners,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

Harry J. WIDMAR and Sandra L. Widmar; Angeline Wirick;
and Ernest Widmar, Jr. and Sylvia J. Widmar, Petitioners,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

8

Paul MASH, Executor of the Estate of Julia Kameliski, Deceased; Kathryn M. Frear; Robert A. Malakos and Mary Jane Malakos; Edna Dias; James W. Fry and Adeline A. Fry; Sam Eritano, Sr. and Ruth Eritano; Antonette Folino; Catherine Kuzminsky, widow and Harry Kuzminsky; Loretta Eritano; Stanley Rock and Rose Rock; Marlin B. Stephens; Robert A. Cameron and Jean Cameron; John Wilko and Mary J. Wilko; Charles Kameliski and Mary Kameliski; Stanley J. Mroczka and Marisa Mroczka; John Kuzminsky and Ethel Kuzminsky; Alvina Girolami; Samuel Girolami and Mary Jane Girolami; Emerson A. Bufagna and Dora M. Bufagna; Nick DeRubis and Fannie DeRubis; Barry R. Smith and Dora M. Smith; Harry J. Widmar and Sandra L. Widmar; Angeline Wirick and Ernest Widmar, Jr. and Sylvia J. Widmar, Petitioners,

v.

Honorable Gilfert M. MIHALICH, Honorable Charles H. Loughran and Honorable Joseph A. Hudock, Judges of the Court of Common Pleas of Westmoreland County, Pennsylvania, Respondents,

Old Home Manor, Inc., a Corporation, Intervenor.

Superior Court of Pennsylvania.

Argued Feb. 10, 1982.

Filed April 12, 1982.

John E. Evans, Jr., Pittsburgh, for petitioners at Nos. 1326 and 1331.

John E. Hall, Pittsburgh, for respondent at No. 1326 and intervenor at No. 1331.

Howland W. Abramson, Philadelphia, for respondents at No. 1331.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

These actions were commenced, apparently in 1978 and 1979, to recover damages resulting from a 1977 flood which the plaintiffs contended was caused by the tortious conduct of Old Home Manor, Inc. The complaints were filed in Westmoreland County. The petitioners before us seek review of an order of change of venue from Westmoreland to Indiana County. They claim that a change of venue was ordered only for the convenience of the Westmoreland County Court of Common Pleas and was therefore improper. Because we agree with respondents' position that the Petition for Review is not the proper vehicle for this argument, we quash the petitions.[1]

---

1. The petitions are identical in substance and differ only in the respondents named. There was disagreement between the parties as to whether the judges should have been named parties. Because we have determined that the petitions must be dismissed on other grounds, we need not reach this issue.

Rule 311 of the Pa.R.A.P. provides for interlocutory appeals as of right. Rule 311(c) states:

(c) Changes of venue, etc. An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

This appeal should have been brought pursuant to Rule 311. Instead, the petitioners were presented to this court pursuant to Chapter 15 of the Pa. Rules of Appellate Procedure which is entitled "Judicial Review of Governmental Determinations." Rule 1501(b) provides that the chapter does not apply to any appeal within the scope of Chapter 9 of the Rules, which governs appeals from lower courts. The note to Rule 1501 states in part:

Subdivision (b) of this rule is necessary because otherwise conventional appeals from a court (which is included in the scope of the term "governmental unit") to an appellate court would fall within the scope of this chapter under the provision of Paragraph (a)(2) of this rule.

Chapter 9 of the Rules applies to all appeals except those specifically excluded by Rule 901. Appeals pursuant to Rule 311 are not excluded. Therefore, since this appeal is one covered by Chapter 9 of the Rules, Chapter 15 does not apply. We would add that if we were to recognize this as a Chapter 15 proceeding, then any order of a lower court could so be heard, resulting in a circumvention of the prescribed appellate procedure.

Petitions quashed.