James **LIPAROTA,** Petitioner,

v.

**STATE WORKMEN'S INSURANCE FUND,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Jan. 4, 1999.

Thomas More Holland, Philadelphia, for petitioner.

Harry D. Madonna, Philadelphia, for respondent.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

DOYLE, Judge.

James Liparota (Claimant) appeals from an order of the Court of Common Pleas of Philadelphia County, which denied his motion for summary judgment and entered a verdict on behalf of the Commonwealth of Pennsylvania, State Workmen's Insurance Fund (Fund). Also, before us is the motion of the Fund to dismiss Claimant's appeal to this Court for failure to preserve any issues for our review.

On August 17, 1993, Claimant sustained an injury during the course of his employment with Prolite Lighting and Signs (Employer). On September 22, 1993, a notice of compensation payable was executed, which entitled Claimant to receive total disability benefits under the Workers' Compensation Act [1] (Act) for his work-related injury. Thereafter, the Fund, the Employer's insurance carrier, paid Claimant bi-weekly benefits of $805.14 from August 18, 1993, to August 27, 1995. These payments totaled $30,710.34.

Claimant, however, unbeknownst to the Fund, had returned to work on November 12, 1993. Despite his return to employment, Claimant, for seventeen additional months, continued to receive total disability benefits until August 27, 1995, when the Fund finally discovered that Claimant had returned to work and stopped the benefit payments.[2]

On June 4, 1996, the Fund filed an equity action in the Common Pleas Court to recover the workers' compensation benefits it had paid to Claimant from November 1993 through August 27, 1995. The Fund proceeded against Claimant on the theory of unjust enrichment and asked the Court to enter judgment against Claimant in the amount of $25,764.48. In response, Claimant filed preliminary objections asserting, among other things, that, because the Workers' Compensation system has exclusive jurisdiction over workers' compensation claims and because the Fund had not exhausted its administrative remedies under the Act, the trial court lacked subject matter jurisdiction over the controversy. The trial court overruled Claimant's preliminary objections, and the matter was listed for trial.

Claimant, at some unknown time thereafter, moved for summary judgment, reasserting the jurisdictional arguments he first raised in his preliminary objections. With regard to his administrative remedy argument, Claimant maintained that the Fund was required to recover the improperly paid benefits from the Supersedeas Fund,[3] and not directly from him.

---

1. Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. §§1–1041.4.

2. Although the details are not apparent from the record, the Fund had made numerous inquiries of Claimant with respect to his medical condition during the seventeen months that Claimant concealed his return to work from the fund. Claimant ignored those inquiries.

3. Section 443 of the Act, 77 P.S. §999, provides that where a supersedeas has been requested and denied, and it is determined that compensation was not payable, an employer may seek reimbursement from the Supersedeas Fund. Section 443 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 12. The Fund in this instance, however, could not have known to even

On September 2, 1997, the trial court conducted a bench trial and entered a verdict in favor of the Fund in the amount of $25,764 plus interest. On the same day, the trial court denied Claimant's motion for summary judgment. The trial court determined that Claimant did not merely receive an overpayment of benefits from the Fund, but rather deliberately concealed the fact that he was earning wages. This fact, in the trial court's view, was critical:

> While this court agrees that 77 P.S. Sec. 999 requires [that] reimbursement claims be initiated through the Supersedeas Fund, the type of reimbursement for overpayment is not that envisioned under the facts of this case. Plaintiff is without an adequate remedy under the provisions of the Act and cannot obtain full reimbursement under the supersedeas provisions since the defendant was not 'overpaid' as defined in the Act. In the evidence established at trial, the plaintiff proved that the defendant actively concealed his concurrent receipt of compensation benefits and actual wages for over eighteen months. This amounts to more than an overpayment. Under these circumstances, no administrative remedy could adequately compensate plaintiff and the supersedeas requirement did not apply.

(Trial Court opinion at 2.) Claimant did not, thereafter, file a motion for post-trial relief.

Claimant filed a petition for review with this Court in conformity with Pa. R.A.P. 1511, which governs appeals from governmental determinations, not courts of common pleas. He did not file a timely notice of appeal with the trial court as required by Pa. R.A.P 901–907. Further, after the petition for review was filed, the Fund filed a motion to dismiss Claimant's appeal. On January 6, 1998, we ordered that the motion to dismiss be argued with the merits of this matter.

On appeal, Claimant contends that the Common Pleas Court lacked subject matter jurisdiction in this case on the ground that the Act mandates that the Fund apply to the Supersedeas Fund for the "improperly paid" funds it had paid Claimant. He asserts that the workers' compensation system has exclusive jurisdiction over a matter where a claimant's benefits have been "overpaid."

We will begin by considering the Fund's motion to dismiss this appeal. The Fund asserts that Claimant failed to file post-trial motions, as required by Pa. R.C.P. No. 227.1, and has thereby waived all the issues he raises on appeal. Further, the Fund states that Claimant never filed a notice of appeal under Pa. R.A.P. 902 and asserts that this defect precludes this Court from hearing the merits of Claimant appeal.

In response, Claimant explains as follows:

> **Petitioner declined to file a Motion for Post-Trial Relief,[4]** because of the unutilized administrative remedy [under the Act] which Petitioner maintains is paramount to the adjudication in this matter.

(Claimant's Memorandum of Law at 1.) (Emphasis added.) Claimant maintains that the proceedings before the trial court were analogous to a statutory appeal; hence, post-trial motions were not permitted under Pa. R.C.P. No. 227.1(g), which provides that post-trial motions may not be filed in such appeals. With regard to the notice of appeal issue, Claimant argues that, in the event he omitted this procedural step, this case should

---

seek prospective reimbursement from the Supersedeas Fund solely because of Claimant's fraudulent concealment.

4. Despite Claimant's admission to this court that he filed no post-trial motions, the trial court inexplicably states in its opinion that this appeal is being taken from its decision to deny post-trial motions. We have reviewed the record and the trial court's docket entries and can find no such motion. The record does contain a document described as a "Notice Nunc Pro Tunc" filed pursuant to "Rule 227.1 of the Court of Common Pleas." (Reproduced Record at 154a.) The document was filed with the trial court on Novem-

ber 6, 1997, which was (1) approximately three weeks after the trial court entered judgment on behalf of the Fund, (2) more than one month after Claimant filed his petition for review with this Court, and (3) about one week after Claimant filed his response to the Fund's motion to dismiss this appeal. The document, moreover, raises no objections whatsoever to the trial court's decision. Hence, even if we deemed this Notice to be an untimely post-trial motion, it was insufficient to preserve any issues for appeal. *Burrell Education Association v. Burrell School District*, 674 A.2d 348 (Pa.Cmwlth.1996).

be remanded to the trial court to correct his error.

Pa. R.C.P. No. 227.1 pertinently provides that

> (c) Post-trial motions shall be filed within ten days after
>
> . . . .
>
> (2) notice of nonsuit or the filing of the decision or adjudication in a case of a trial without jury or equity trial.

Pa. R.C.P. No. 227.1(c).

■ Where a party fails to file timely post-trial motions after a bench trial, no issues are preserved for this Court to review. *Siegfried v. Borough of Wilson,* 695 A.2d 892 (Pa.Cmwlth.1997).

■ In the present case, the Fund filed a complaint in equity against Claimant, and, after conducting. a bench trial, Common Pleas found in favor of the Fund. Claimant admits that he declined to file post-trial motions. Considering the plain language of Pa. R.C.P. No. 227.1(c), post-trial motions were necessary to preserve issues for appeal. And, because this action originated in Com-

mon Pleas and was not an appeal from an order of a local or Commonwealth agency, it cannot be deemed a statutory appeal, regardless of the fact that the Fund filed suit to recover workers' compensation monies that Claimant wrongfully received.[5] Hence, we must conclude that Claimant failed to preserve any issues for our review, and we will grant the Fund's motion to dismiss this matter.[6]

Accordingly, the Fund's motion is granted, and Claimant's appeal is hereby dismissed.

### ORDER

**NOW,** January 4, 1999, the State Workmen's Insurance Fund's motion to dismiss this appeal is hereby GRANTED. The appeal in the above-captioned matter is dismissed.

---

5. Claimant will not be heard to change the actual facts in the case, either substantive or procedural, based upon his own theories of how the Fund should have proceeded.

6. Because Claimant's failure to file post-trial motions is dispositive of the Fund's motion to dismiss, we need not reach the question of whether Claimant's decision to file a petition for review instead of a notice of appeal, as mandated by Pa. R.A.P. 902, was fatal to his appeal. We note,

however, that the Superior Court has determined that, where the Rules of Appellate Procedure require the filing of a notice of appeal and the appellant erroneously files a petition for review, the appeal must be quashed. *Mash v. Old Home Manor, Inc.,* 298 Pa.Super. 7, 444 A.2d 147 (Pa.Super.1982); *see also Thermo–Guard, Inc. v. Cochran,* 408 Pa.Super. 54, 596 A.2d 188 (Pa.Super.1991); *Womeldorf by Womeldorf v. Cooper,* 654 A.2d 238 (Pa.Cmwlth.1995).