J-S52029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SCHWENKSVILLE FARM, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MENDELSON FAMILY TRUST AND MARK MENDELSON | |
| Appellants | No. 3245 EDA 2015 |

Appeal from the Order Entered October 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2015-13113

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 19, 2016**

Appellants, Mendelson Family Trust and Mark Mendelson, appeal from the October 21, 2015 order granting Appellee, Schwenksville Farm, LLC's, emergency motion for possession of property pending appeal.  We quash.

This appeal arises from a landlord/tenant dispute.  On June, 2, 2015, a magisterial district judge ("MDJ") entered an judgment granting possession of property located at 833 Camp Wawa Road, Schwenksville, Pennsylvania (the "Property"), to Appellee, the plaintiff and landlord.  The June 2, 2015 judgment did not require Appellant to pay any arrears to Appellee, but it required Appellant to pay $6,000.00 per month in rent in accordance with

_____

[*] Retired Senior Judge assigned to the Superior Court.

the parties' lease agreement. On June 11, 2015, Appellants appealed from the MDJ's decision and filed a praecipe for a rule to require Appellee to file a complaint in the court of common pleas. On June 26, 2015, Appellee filed a complaint for possession and eviction in the Montgomery County Court of Common Pleas. On August 31, 2015, Appellee filed an emergency motion for possession, alleging Appellant failed to comply with the MDJ rules governing supersedeas. Appellee argued it was entitled to possession of the Property because Appellant never paid rent as specified in the MDJ's June 2, 2015 decision. Appellee relied on Pa.R.C.P.M.D.J. No. 1008(b):

> When an appeal is from a judgment for the possession of real property, receipt by the magisterial district judge of the copy of the notice of appeal shall operate as a supersedeas only if the appellant at the time of filing the notice of appeal, deposits with the prothonotary a sum of money (or a bond, with surety approved by the prothonotary) equal to the lesser of three (3) months' rent or the rent actually in arrears on the date of the filing of the notice of appeal, based upon the magisterial district judge's order of judgment, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent which becomes due during the period of time the proceedings upon appeal are pending in the court of common pleas, such additional deposits to be made within thirty (30) days following the date of the appeal, and each successive thirty (30) day period thereafter.

Pa.R.C.P.M.D.J. No. 1008(B).

Appellant never deposited any amount of money with the prothonotary after the June 2, 2015 judgment. Appellant's appeal from the MDJ' judgment therefore did not act as a supersedeas. Accordingly, the trial granted Appellee's October 15, 2015 motion for possession and directed the

sheriff to remove Appellant from the Property. Appellant filed a timely appeal from that order.[1]

Before we consider the merits, we *sua sponte* consider our jurisdiction over the trial court's order. ***Roman v. McGuire Mem'l***, 127 A.3d 26, 31 (Pa. Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016) (noting that this Court can raise subject matter jurisdiction *sua sponte*). Appellant argues the October 21 order is final and appealable under Pa.R.A.P. 341(b)(1),[2] because it granted Appellee all the relief it sought in its complaint. Appellant's Brief at 1. We disagree. To the contrary, the order on appeal did not dispose of any claim or party, it simply rendered the MDJ order immediately enforceable because Appellant failed to effect a supersedeas in accord with Rule 1008(B). The order on appeal does not resolve Appellee's complaint for possession and eviction. That complaint is still pending, and it remains to be determined whether Appellee can prove the facts it alleges and whether those facts support eviction under the terms of the parties'

_____

[1] On November 4, 2015, Appellant applied to this Court for a stay of the order on appeal. On November 19, 2015, we granted Appellant's application and stayed the trial court's order conditioned upon Appellant's filing of security in an amount to be determined by the trial court. The trial court ordered Appellant to file security of $42,000. That amount represented seven months' rent—from June 2015 through January 2016, the latter date representing the end of the 60-day stay period. Appellant failed to post the required security. On January 15, 2015, this Court entered an order lifting the stay.

[2] An order is final under Pa.R.A.P. 341(b)(1) if it "disposes of all claims and of all parties." Pa.R.A.P. 341(b).

J-S52029-16

lease agreement. The order on appeal merely permits Appellee, rather than Appellant, to be in possession of the Property while the litigation is pending.

Appellant also cites Pa.R.A.P. 311(a)(4), which permits an interlocutory appeal from "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]: Pa.R.A.P. 311(a)(4). The order on appeal does not relate to the grant, denial, modification, continuation, of dissolution of an injunction. The order on appeal simply recognizes Appellee's present right to possession of the Property based on the MDJ's judgment and the absence of a supersedeas.

In summary, Appellant has failed to establish any basis upon which this Court has jurisdiction over the trial court's October 21, 2015 order. We therefore quash the appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2016

- 4 -