J-S57009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL SERRANO, III | : | |
| | : | |
| Appellant | : | No. 1080 EDA 2017 |

Appeal from the Judgment of Sentence February 21, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001487-2007

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 01, 2017**

Appellant, Paul Serrano, appeals from the judgment of sentence entered after his second plea of guilty to first degree murder. His first guilty plea was withdrawn after a PCRA court determined that it had been unknowingly entered. After careful review, we conclude that the PCRA court lacked jurisdiction to void Serrano's first guilty plea, and therefore quash.

Our disposition of this appeal requires a detailed recitation of the procedural history of this case. In 2007, the Commonwealth charged Serrano with the murder of Kevin Muzila. At the time he was arrested and charged, Serrano was 18 years old; at the time he murdered Muzila, he was 17. The Commonwealth mistakenly charged Serrano as an adult, and gave notice of its intent to seek the death penalty.

However, in 2005 the Supreme Court of the United States had declared that sentencing a juvenile offender to death violated the Constitution's prohibition on cruel and unusual punishments. *See Roper v. Simmons*, 543 U.S. 551 (2005). Serrano unknowingly agreed to plead guilty to first-degree murder and waive his right to file a direct appeal in exchange for the Commonwealth's promise to waive its right to pursue the now-illegal death sentence. As a result, he received the only other possible sentence under existing Pennsylvania law, life without the possibility of parole.

In 2009, Serrano filed a *pro se* Post Conviction Relief Act ("PCRA") petition, asserting that his guilty plea counsel were ineffective for failing to inform him that he was not eligible for the death penalty under *Roper*. He further requested the appointment of counsel to assist him. The PCRA court swiftly dismissed the petition as untimely under Pa.R.Crim.P. 901(A) without appointing counsel or holding a hearing.

Pursuant to 42 Pa.C.S.A § 9545(b)(1), a PCRA petition must be filed within one year from the day the petitioner's judgment became final. Serrano did not file a direct appeal from his judgment of sentence, so it became final on Thursday, September 13, 2007, 30 days after its entry. *See* Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Thus, Serrano would have been required to file his first petition on or before

Monday, September 15, 2008. He did not file his first petition until April 16, 2009.

However, exceptions to the timeliness requirement exist. **See** Pa.C.S.A. § 9545(b)(1)(i)-(iii). Serrano was entitled to have counsel appointed to assist him in the prosecution of his first PCRA petition to determine if any of these exceptions applied. **See Commonwealth v. Smith**, 818 A.2d 494, 499 (Pa. 2003). As noted, the PCRA court dismissed Serrano's petition as untimely without providing him counsel.

In 2016, Serrano filed a counseled, second PCRA petition asserting that his sentence of life without possibility of parole was illegal pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) (finding the rule announced in **Miller** to be applied retroactively on collateral review). This petition did not address the jurisdictional timeliness requirement of the PCRA.

After an off-the-record discussion, the PCRA court appointed new counsel to represent Serrano, approved the hiring of a private investigator, and permitted the filing of an amended petition. In the amended petition, Serrano asserted that his guilty plea should be voided, as he was unaware that he was ineligible for the death penalty. He also reiterated that his sentence was unconstitutional pursuant to **Miller** and **Montgomery**. The

amended petition also does not address the jurisdictional timeliness requirement of the PCRA.

The Commonwealth conceded that Serrano's guilty plea was unknowing and agreed to allow him to withdraw it. **See** Trial Court Order, 11/4/16. The Commonwealth initially offered a new plea agreement whereby Serrano would receive a thirty year to life sentence if he pled guilty immediately. **See** N.T., PCRA Hearing, 11/2/16, at 6-7. Serrano rejected the agreement, and was granted a new trial. **See id**., at 12. Furthermore, new counsel[1] was appointed to represent Serrano at trial. **See id**.

Serrano filed an omnibus pretrial motion seeking a change in venue, discovery, and a clarification of sentencing options. Regarding sentencing options, Serrano argued that he could not be sentenced under 18 Pa.C.S.A. § 1102.1, as it would constitute an impermissible *ex post facto* increase in his penalty. The trial court denied these motions, and scheduled the case for trial. **See** Trial Court Order, 2/17/17. On February 21, 2017, Serrano entered into a negotiated guilty plea to first degree murder. In exchange, he received a sentence of 35 years to life. This appeal followed.

On appeal, Serrano contends that a sentence of 20 to 40 years in prison is the maximum sentence he can receive. However, we do not reach

_____

[1] Counsel who filed the amended 2016 petition informed the court that he could not proceed in the matter, as he would suffer from a clear conflict of interest.

this issue, as we conclude that the PCRA court did not have jurisdiction to void Serrano's initial guilty plea.

We may raise issues concerning our jurisdiction over an appeal *sua sponte*. ***See Roman v. McGuire Memorial***, 127 A.3d 26, 31 (Pa. Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016). "PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

As noted, Serrano's first PCRA petition, filed April 16, 2009, was untimely and did not allege any exceptions to the PCRA's time bar. Thus, Serrano's 2016 initial petition and the amendment are also facially untimely. Neither of the 2016 petitions assert any exception to the PCRA's time bar.

While there is a conspicuous absence in the record of reasons for why the Commonwealth conceded to, and the PCRA court granted, Serrano's desire to withdraw his guilty plea, we can understand the impetus behind these decisions. Clearly, guilty plea counsel were ineffective for failing to advise Serrano that he was ineligible for the death penalty at the time he pled guilty. Furthermore, it is clear there was a breakdown in the operations of the court when the PCRA court failed to afford Serrano his Rule-based right to counsel for his first petition.

However, it is also clear that the PCRA court lacked jurisdiction, at this juncture, to entertain any of these three petitions. If a PCRA petition is

facially untimely, the petitioner must plead and prove the applicability of one of three timeliness exceptions in order to invoke the jurisdiction of the PCRA. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Here, none of Serrano's petitions pled, let alone proved, the applicability of a timeliness exception.

"Where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void." *Commonwealth v. Morris*, 771 A.2d 721, 735 (Pa. 2001) (citations omitted). The PCRA court's order withdrawing Serrano's guilty plea was a nullity. The ensuing proceedings are therefore a nullity, as Serrano's initial judgment of sentence is still effective. Thus, Serrano's appeal from a non-existent judgment of sentence is also a nullity. *See Commonwealth v. Spencer*, 496 A.2d 1156, 1160 (Pa. Super. 1985). We are constrained to quash this appeal.

We note that, as a consequence, Serrano's amended second PCRA petition is still pending. We do not address whether it may be further amended to plead appropriate timeliness exceptions. That is for Serrano's counsel to develop, and the PCRA court to decide.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/1/2017</u>