IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marianne Unger,                              :
                          Appellant          :
                                             :
                                             :
            v.                               :
                                             :
Paupack Township Supervisors                 :
a/k/a Paupack Township, Bruce                :
Chandler, James Martin, and                  :   No. 327 C.D. 2024
Robert Boogertman                            :   Submitted: April 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED:  May 1, 2025


            Marianne Unger (Unger) appeals from the Wayne County Common
Pleas Court's (trial court) March 7, 2024 order granting the Paupack Township
(Township) Supervisors (Board) a/k/a the Township's Motion for Compulsory
Nonsuit (Motion) and dismissing Unger's cause of action.  Unger presents three
issues for this Court's review: (1) whether the trial court erred by granting a
compulsory nonsuit; (2) whether the trial court erred by allowing the Township's
counsel to cross-examine Unger as to her direct evidence of a causal connection
between her whistleblower reports and her employment termination; and (3) whether
the trial court erred by denying Unger's Motion to Compel Discovery.  After review,
this Court quashes Unger's appeal.

            The Township employed Unger as a part-time secretary/treasurer
whose duties included processing payroll and fulfilling administrative functions.
Unger was an at-will employee, and she understood that the Township could

terminate her employment at any time without explanation. In March 2020, Unger discovered that the Township's full-time assistant secretary/treasurer, Cheryl Scartelli (Scartelli), had used too much vacation time, which resulted in Scartelli being overcompensated by approximately $3,500.00. Unger reported this information in writing to the Township on March 30, 2020.

On May 18, 2020, Unger began a medical leave of absence from work due to anxiety and exhaustion that was to run through June 28, 2020. On June 12, 2020, the Township sent Unger a letter stating that it did not presently have a need for her to return to work. In the meantime, the Township investigated the error Unger reported about Scartelli and reached an agreement with Scartelli to resolve the issue. The Township determined that it was responsible for the error due to how it had enrolled Scartelli in its payroll system; however, both parties acknowledged responsibility for the error and agreed on a method for Scartelli to repay the Township. The Board entered the resolution on the record at its July 9, 2020 meeting.

On September 11, 2020, Unger filed a whistleblower action in the trial court against the Township, the Board's Chairperson Bruce Chandler (Chandler), Vice Chairperson James Martin (Martin), and member Robert Boogertman (Boogertman).[1] The trial court ultimately held a non-jury trial on March 4, 2024. After Unger rested her case-in-chief, the Township made the Motion, and the trial court granted it. On March 7, 2024, the trial court issued its order granting the Motion and dismissing Unger's action. On March 12, 2024, Unger filed a notice of appeal prior to the expiration of the 10-day period for which she could have filed a motion for post-trial relief. On April 2, 2024, the trial court directed Unger to file a

---

[1] By March 2, 2022 order, the trial court dismissed the claims against Chandler, Martin, and Boogertman.

2

Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On April 18, 2024, Unger filed her Rule 1925(b) Statement. On May 1, 2024, the trial court filed its opinion pursuant to Rule 1925(a).

Preliminarily, the Township argues that this appeal must be quashed because Unger failed to file a post-trial motion seeking that the trial court remove the nonsuit. Specifically, the Township contends that the trial court's order granting the Motion was an interlocutory order and, thus, not appealable.

Pennsylvania Rule of Civil Procedure (Civil Rule) 227.1 provides:

> (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may
>
> . . . .
>
> (3) remove a nonsuit[.]
>
> . . . .
>
> (c) Post-trial motions **shall be filed within** [**10**] **days after**
>
> . . . .
>
> (2) **notice of nonsuit** or the filing of the decision in the case of a trial without jury.

Pa.R.Civ.P. 227.1 (emphasis added).

This Court has explained:

> [**Civil Rule**] **227.1** "**requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion**, it is **waived for appeal purposes**." *L.B. Foster Co. v. Lane* [*Enters.*] *Inc.*, . . . 710 A.2d 55, 55 ([Pa.] 1998). "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." *Burrell Educ*[.] [*Ass'n*] *v. Burrell Sch*[.] *Dist*[.], 674 A.2d 348, 350 (Pa. Cmwlth. 1996). "The purpose [of] [Civil] Rule 227.1 is to provide the trial court with an opportunity

3

to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, . . . 805 A.2d 491, 494 n.9 ([Pa.] 2002). Any issue raised in a motion for post-trial relief therefore must be briefed and argued to the trial court. *Browne v. [Dep't] of Transp[.]*, 843 A.2d 429 (Pa. Cmwlth. 2004).

The post-trial motion requirements set forth in [Civil] Rule 227.1 are mandatory in both law and equity matters. *Chalkey*, 805 A.2d at 497. Under [Civil] Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In other words, **a trial court's order at the conclusion of a trial**, whether the action is one at law or in equity, **cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions or they are denied by operation of law**. *Id*. at 496; Pa.R.Civ.P. 227.4(b)[;] [*s*]*ee also Coal Tubin' PA, LLC v. Cambria [Cnty.] Transit Auth[.]*, 162 A.3d 549, 553 (Pa. Cmwlth. 2017); *P.S. Hysong v. Lewicki*, 931 A.2d 63, 66 (Pa. Cmwlth. 2007); *Liparota v. State Workmen's Ins[.] Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999).

*Triple Crown Corp., Inc. v. Lower Allen Twp.*, 327 A.3d 748, 753-54 (Pa. Cmwlth. 2024) (emphasis added). Here, Unger did not file a post-trial motion seeking to have the trial court remove the nonsuit.

Because Unger failed to file a post-trial motion seeking the trial court to remove the nonsuit, she has waived that issue on appeal. Further, because the trial court did not enter judgment, the order granting the Motion is interlocutory. Accordingly, this Court must quash Unger's appeal.

For all of the above reasons, Unger's appeal is quashed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marianne Unger, :
               Appellant :
                :
        v. :
                :
Paupack Township Supervisors :
a/k/a Paupack Township, Bruce :
Chandler, James Martin, and : No. 327 C.D. 2024
Robert Boogertman :

## O R D E R

AND NOW, this 1st day of May, 2025, Marianne Unger's appeal from the Wayne County Common Pleas Court's March 7, 2024 order granting Paupack Township Supervisors a/k/a Paupack Township's Motion for Compulsory Nonsuit and dismissing Unger's cause of action is quashed.

_____
ANNE E. COVEY, Judge