The Borough of Point Marion,  :
                    Appellant     :
                                  :
                                  :
        v.                        :
                                  :   No. 32 C.D. 2023
Daniel T. Savino                  :   Submitted: June 3, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: July 14, 2025


The Borough of Point Marion (Borough) appeals from the Fayette County Common Pleas Court's (trial court) December 14, 2022 order entering judgment in favor of Daniel T. Savino (Savino).[1]  The Borough presents two issues for this Court's review: (1) whether the trial court erred by ruling that Savino should not be ejected from the roadway that the Borough maintains; and (2) whether the trial court erred by granting Savino ownership of the roadway in which he was encroaching.  After review, this Court affirms.

On December 13, 2019, the Borough filed, in the trial court, a complaint in ejectment and trespass against Savino, involving a 20-foot alley that bisects Savino's property in Fayette County, Pennsylvania.  Therein, the Borough alleged that in or about November 2017, Savino built and maintained an exterior wall that

---

[1] The trial court's order also declared that Savino is the fee simple owner of that portion of the 20-foot-wide unnamed alley that bisects his property as described in a Deed from Savino and Betty W. Savino, husband and wife, to Savino on September 20, 2006, recorded in Record Book 2006, Page 1991, in the Fayette County Recorder of Deeds office.

extended approximately 14 feet into the Borough's alley. According to the Borough, Savino refused to remove the wall from the right-of-way or pay the Borough to relocate the alley. On April 20, 2021, Savino filed an Answer and New Matter. In his Answer, Savino admitted that he built a retaining wall on his property, but specifically denied that the Borough maintains the alley, and asserted to the contrary that the Borough has not maintained the alley since he purchased the property adjacent to both sides of the alley. In his New Matter, Savino alleged that he purchased a home in the Borough in or around 1988, and that since that time, an unopened, unimproved, never used paper alley was located next to his home.

Savino further averred that, in 2016, after lightning struck a tree in the alley, Savino removed the dead tree for service and safety reasons. Savino claimed that as a result of the tree removal, his property began to experience water runoff, so he constructed the retaining wall in the alley to redirect the water. Savino further represented that he used and maintained the alley as a driveway, clearing snow and debris, without prior complaint or exception from the Borough. According to Savino, the Borough never used the alley as a roadway and instead instituted legal action to harass and distress him. Savino alleged that his use of the alley has been actual, continuous, exclusive, visible, notorious, distinct, and hostile for a period in excess of 21 years.

On June 13, 2022, the trial court held a non-jury trial. On December 14, 2022, the trial court entered judgment in Savino's favor and declared that Savino is the fee simple owner of that portion of the 20-foot-wide unnamed alley that bisects his property. On January 13, 2023, the Borough appealed to this Court. By March 17, 2023 Order, this Court directed the parties to address in their principal briefs on the merits, or an appropriate motion, whether the Borough preserved any issues for appellate review considering the Borough's apparent failure to file post-trial motions. Neither party filed any motions, nor addressed that issue in their briefs.

2

Initially, Pennsylvania Rule of Civil Procedure (Rule) 1058 provides that "[t]he trial of actions in ejectment by a judge sitting without a jury shall be in accordance with Rule 1038." Pa.R.Civ.P. 1058. The Note to Rule 1038 states: "For post-trial relief following a trial without jury, *see* Rule 227.1." Pa.R.Civ.P. 1038 *Note*. Rule 227.1(c) mandates: "Post-trial motions shall be filed within [10] days after . . . the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c). Here, the trial court entered its opinion and order on December 14, 2022. The Borough did not file post-trial motions.

The law is well settled:

[Rule] 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal. **If an issue has not been raised in a post-trial motion**, **it is waived for appeal purposes**." *L.B. Foster Co. v. Lane Enter*[*s.*]*, Inc.*, . . . 710 A.2d 55, 55 ([Pa.] 1998). "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." *Burrell Educ*[*.*] *Ass*[*'n*] *v. Burrell Sch*[*.*] *Dist*[*.*], 674 A.2d 348, 350 (Pa. Cmwlth. 1996). "The purpose [of] Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, . . . 805 A.2d 491, 494 n.9 ([Pa.] 2002). Any issue raised in a motion for post-trial relief therefore must be briefed and argued to the trial court. *Browne v. Dep*[*'t*] *of Transp*[*.*], 843 A.2d 429 (Pa. Cmwlth. 2004).

The post-trial motion requirements set forth in Rule 227.1 are mandatory in both law and equity matters. *Chalkey*, 805 A.2d at 497. Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions or they are denied by operation of law. *Id*. at 496; Pa.R.Civ.P. 227.4(b). *See also Coal Tubin' PA, LLC v. Cambria* [*Cnty.*] *Transit Auth*[*.*], 162 A.3d 549, 553 (Pa. Cmwlth. 2017); *P.S. Hysong v. Lewicki*, 931 A.2d 63, 66

3

(Pa. Cmwlth. 2007); *Liparota v. State Workmen's Ins*[.]
*Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999).

*Triple Crown Corp., Inc. v. Lower Allen Twp.*, 327 A.3d 748, 753-54 (Pa. Cmwlth. 2024) (emphasis added).  Here, the Borough did not file the required post-trial motions.  Accordingly, the Borough's issues raised on appeal are waived.

 For all of the above reasons, the trial court's order is affirmed.


       _____
       ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Borough of Point Marion,      :
            Appellant      :
                          :
                          :
        v.                 :
                          :    No. 32 C.D. 2023
Daniel T. Savino             :

## O R D E R

AND NOW, this 14th day of July, 2025, the Fayette County Common Pleas Court's December 14, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge